UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | | |
| Walter McCarty | ) | Civil Action No.: |
|    Plaintiff, | ) | |
| | ) | JURY DEMAND |
| v. | ) | |
| | ) | |
| Jane Doe, | ) | |
|     Defendant, | ) | |
| | ) | |
| Michelle S. Tuegel, | ) | |
|     Defendant, | ) | |
| | ) | |
| University of Evansville | ) | |
|     Defendant, | ) | |
| _____) | | |

COMPLAINT

INTRODUCTION

This case is about how a sports figure's career as a coach has been, and is further

being, ruined by the publishing of false allegations of sexual misconduct.

I.
PARTIES

1.  Plaintiff, Walter McCarty, is a natural person, over the age of 18 and a citizen of the

United States residing and domiciled in the Commonwealth of Massachusetts.  He can

be served via the undersigned attorneys.

2.  Defendant, Jane Doe, is an individual who resides in Indianapolis, Marion County,

Indiana.  Plaintiff herein has kept Jane Doe's true identity from being revealed, to be

consistent and/or compliant with a court order in the U.S. District Court for the

Southern District of Indiana.   See Jane Doe v. University of Evansville, Case No. 3:21-cv-00065-RLY-MPB (US Dist. Court for Southern Dist. of Indiana).   A motion is being filed in this case to request the Court's determination as to the issue of filing the complaint against the Defendant "as Jane Doe."

3.   Defendant, Michelle Simpson Tuegel, Esq., is an individual who is a principal of the Michelle Simpson Tuegel Law Firm of 3301 Elm Street, Dallas, Harris County, Texas, and who is acting as Defendant Jane Does' attorney and agent ("Attorney" "Agent" or "Attorney-agent") in a case pending before the U.S. District Court for the Southern District of Indiana.

4.   Defendant, University of Evansville, is a private university located in Evansville, Vanderburgh County, Indiana.  It may be served with process through its registered agent.

II.
JURISDICTION AND VENUE

5.   The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. s. 1332(a), due to diversity of the parties, and the amount in controversy being in excess of $75,000.

6.   The Court has venue over this case pursuant to 28 U.S.C. s. 1391(b)(2), in that publishing and omissions have taken place and/or have been circulated in Massachusetts; and also, substantial property that is the subject of this suit, including Plaintiff's reputation, is located in Massachusetts.

III.
FACTS

Background

7. McCarty grew up in Evansville, Indiana.

8. McCarty became a well known basketball player and coach.

9. About March, 2018, McCarty began serving as head coach for the men's basketball program at the University of Evansville ("University").

10. The University of Evansville is a private university.

11. McCarty's efforts as head coach led to increased ticket sales and contributions at the University, and in the year 2019, the basketball team had been doing the best that it had ever done.

12. In the year 2019, McCarty had met Jane Doe, who was working as a certified trainer as part of a University program for her degree.

13. At the time that McCarty became head coach, Jane Doe was aware that McCarty was to serve in that role as head coach, and that McCarty had achieved a certain level of recognition for his skills.

14. As a certified trainer for the basketball team that McCarty coached, Jane Doe did not report to McCarty, nor the basketball program.

15. At the time she met McCarty, Jane Doe was engaged to be married.

16. At the time that she met McCarty, McCarty was married but separated.

17. Despite that Jane Doe was engaged to be married, and that McCarty was married but separated, Jane Doe and McCarty joked and flirted.

18. On November 29, 2019, at or about an Indiana University/Purdue University game, Jane Doe sent McCarty a message on Snapchat.  The message asked McCarty what he was

doing, and asked McCarty if he wanted to hang out.  At the time, McCarty could not do so, and communicated this message to Jane Doe via Snapchat.

19.  On December 2, 2019, at night, McCarty publicly posted a Snapchat that he was at a friend's wine cellar.  It was just a regular Snap chat to the public and Jane Doe responded to it: "Where is that?" And McCarty said words to the effect:  "Oh, it's at a friend's house. He has a nice wine cellar in his basement." And then she replied words to the effect "I need to see that. You need to take me there." McCarty said words to the effect: "No, this is off basketball stuff. This is stuff that'll get us in trouble." She replied, with words to the effect: "I'm trying to get in that type of trouble." McCarty was left with the idea that she wanted to "hang out" with him in the near future.

20. After that, both Jane Doe and McCarty had more interactions in a friendly, positive, way.

21. On December 9, 2019, McCarty and Jane Doe exchanged more Snap chats.

22. Unlike text messages, on Snap chat, parties have to actively "save" Snap chats or else they disappear.

23. Jane Doe actively saved Snap chats for some reason, but not all of them, and she says some of them may have been erased.

24. McCarty and Jane Doe each have acknowledged that the University investigation did not uncover all Snap chats that they exchanged.  Jane Doe admits that not all Snap chats were produced by her in the University investigation because some may have been erased, or not saved.

4

25. On December 9, 2019, McCarty Snap chatted a message "You should have come hang

with me."  Jane Doe returns "Well ya shouda told me earlier! I told some friends I'd

hang out."

26. Later on December 9, 2019 Jane Doe said that she was back at her duplex "but thinking

bout grabbing late night snack."  Plaintiff asked "what time u have to be on campus in

the morning? Jane Doe replied "I don't, just have work at 10:00 a.m."  McCarty

suggested "Just grab so food and come this way…"

27. McCarty was still asking Jane Doe to come over that night:

Jane Doe:  Ur persistent ya know lol Okay but if I come I'm just gonna eat an chill then
gotta head out bc friend needs me to be her dummy for practical run through

McCarty: I am persistent but you like that. Deep down u want to come lol ok text when
your here

Jane Doe: Okay deep down I wana come butt I just am not so sure about this so late

28. On December 9, 2019, about 11:30 PM, and after some Snapchats that were exchanged,

and upon McCarty's invitation to come over, Jane Doe picked up food at a Sonic

restaurant, and met McCarty at his residence.

29.  On December 9, 2019, when Jane Doe went to McCarty's residence, she ate beside

McCarty, while sitting on McCarty's bed propped up by a pillow against the head board.

30. On December 9, 2019, after Jane Doe ate her food, she rolled over onto McCarty.

Jane Doe and McCarty engaged in a limited amount of kisses, hugs, and sexual activity.

31. The limited kisses, hugs and sexual activity that Jane Doe and McCarty engaged in was

consensual.

32. At a certain point of engaging in limited sexual activity, Jane Doe indicated that she did did not want to proceed further.

33. McCarty remembers, after engaging in the actions to that point which lasted more than ten minutes, Jane Doe stated to McCarty that she needed to leave.

34. When Jane Doe indicated to McCarty that she did not want to proceed any further and needed to leave, McCarty said "okay." She got dressed, with some assistance from McCarty, she and McCarty hugged, and left with McCarty's assistance walking her to the door.

35. After Jane Doe indicated that she did not want to proceed any further and needed to leave, the limited amount of sexual activity ended, Jane Doe and McCarty hugged, and Jane Doe left McCarty's residence.

36. Shortly after leaving McCarty's residence, on information and belief, Jane Doe sent one or more Snap chats or text messages to friends and/or roommates who had previously sent messages inquiring as to her whereabouts, effectually saying that "everything was okay," and that she had left McCarty's residence. Upon information and belief, one or more of these Snap chats or messages are existent, held by the University, but not referenced in a final summary of events prepared by the University.

37. Upon information and belief, when she got back to her duplex, Jane Doe told her roommates that she engaged in a limited amount of sexual activity at McCarty's residence.

38. The limited amount of sexual activity was consensual, but is interpreted to be against the University of Evansville's sexual conduct policies.

39. McCarty had followed up with Snap chat(s), and did not get a response.

40. After a few tries getting in touch with Jane Doe, Jane Doe finally responded by Snapchat

    that she felt remorse for being intimate with McCarty when she was engaged to be

    married.

41. Upon information and belief, Jane Does' roommate(s) or friend(s) reported to the

    University that McCarty had acted inappropriately.

42. Upon information and belief, Jane Doe thereafter, after the University contacted her,

    reported to the University that McCarty engaged in the limited sexual activity.

43. McCarty and Jane Doe still worked together for about two to three weeks after Jane

    Doe reported the limited sexual activity, and continued to exchange Snap chats and

    talked to McCarty in a friendly way, including through "emojis" and/or "selfies."

44. About December 26, 2019, the University placed McCarty on leave, announcing that

    they were going to perform a Title IX investigation.


COUNT I
Defamation – Jane Doe, and
Jane Doe's Agent on Behalf of Jane Doe

45. The allegations above are incorporated herein.

46. Upon information and belief, about the time that Jane Doe left McCarty's residence, in

    response to inquiries via text messages or voicemails, Jane Doe told one or more

    persons that "everything was okay" after leaving McCarty's residence.

47. Upon information and belief, Jane Doe told one or more persons that

    she engaged in sexual activity with McCarty.

48. Sexual activity between Jane Doe and McCarty is deemed inappropriate according

to University rules, rules of engagement to be married, and rules of marriage.

49.  Upon information and belief, the persons that Jane Doe initially told about

the sexual activity were her roommates and/or friends.

50. Upon information and belief, the persons that Jane Doe initially told, encouraged

Jane Doe to report the sexual activity to the Title IX office of the University of Evansville.

51. Upon information and belief, Jane Does' roommates and/or friends reported the sexual

activity to the University.

52.  Upon information and belief, and upon encouragement of her roommates and/or

friends, and/or one or more counsellors at the University, Jane Doe reported the sexual

activity to the University anonymously.

53. Upon information and belief, the anonymous report was made on or about three days

after the event.

54. Using procedures to identify Jane Doe, the University discovered the identity of Jane

Doe, located her, and inquired as to what happened.

55. Upon information and belief, upon the University's inquiry, Jane Doe told the University

that sexual activity occurred between her and McCarty.

56. Upon information and belief, following the said sexual activity, Jane Doe told persons

that the sexual activity that was engaged in with McCarty, was "non-consensual."

57. Upon learning of the sexual activity, the University asked McCarty what had happened.

58.  McCarty described exactly what happened to the University.

59.  McCarty made it clear that while the sexual activity occurred, it was consensual.

60.  The University originally put McCarty on leave of absence about December 27, 2019,

and then terminated him as basketball coach, on or about January 21, 2020.

61. The day before the termination, January 20, 2020, there was a "settlement conference"

with the University president, athletic director and counsel.  When asked as to

why the University did not remove Jane Doe from engaging with McCarty for a period of

weeks, it was represented by University counsel words to the effect that Jane Doe did

not want to be removed from McCarty's presence, that she did not feel threatened, and

that McCarty had been nothing but nice to her.

62.  Somewhere between December, 2019 and January 29, 2020, Jane Doe engaged a high

profile attorney to represent her for purposes of suing McCarty and/or the University.

63. Jane Doe engaged Michelle Simpson Tuegel ("Attorney Tuegel"), as her attorney-agent

("Jane Doe's attorney" or "attorney-agent") to pursue claims for damages against the

University and McCarty.

64.  Jane Doe's attorney advertises herself to be a rising star, and claims to have

settled various disputes regarding sexual harassment for hundreds of millions

of dollars.

65.  Jane Doe's attorney brought a claim on behalf of Jane Doe against McCarty for

$2,000,000 (of which was subsequently withdrawn).

66.  Jane Doe's attorney also brought a lawsuit on behalf of Jane Doe against the University,

in U.S. District Court for the Southern District of Indiana (the amount of damages sought

was not listed in the cover sheet).   See Jane Doe v. University of Evansville, Case No.

3:21-cv-00065-RLY-MPB (U.S. District Court for the Southern District of Indiana).

67. On or about January 27, 2021, Jane Doe's attorney described the situation between Jane

Doe and McCarty as one where McCarty pressured Jane Doe, and exploited a "gross

imbalance" of physical power and professional authority.

68.  Upon information and belief, on or about April 14, 2021, Jane Does' attorney stated to

the press:  "It is a perfect combination and a perfect storm of vulnerability." See Exhibit

A, CNN article, April 14, 2021.   According to the article in the press, Tuegel was

referencing age and gender disparity between McCarty and Jane Doe.

69.  Upon information and belief, on or about April 14, 2021, Jane Does' attorney said "It's

about McCarty's abuse, yes.  It's also about the failed institutional response and how

they could have prevented this."   Id.

70.  Then, on or about April 21, 2021, Jane Doe, through her attorney and agent went much

further:  "If  the university had just paid attention to what a long line of women was

trying to tell them, it could have stopped a woman from '*being raped*.'  It was no secret

to university officials that McCarty was *a predator*, but they sat on their hands and did

nothing." (emphasis supplied).  See Exhibit B, *Evansville Courtier & Press* article dated

April 21, 2021.

71.  The University of Evansville denied the allegations.

72.  Jane Doe's attorney agent's statement either expresses or implies that Jane Doe was

raped by McCarty.

73.  Jane Doe herself and/or through her attorney agent, made factual misstatements

 about McCarty to the public at large when she made such statements to a

 newspaper.

74. Jane Doe made statements to University personnel during the University's "investigation," stating the sexual activity between McCarty and Doe was "non-consensual."

75. The statements that the sexual activity was non-consensual, are false.

76. The statements made by Jane Does' attorney agent, stating or implying that McCarty raped Jane Doe, are false.

77. The statements made by Jane Does' attorney agent, stating or implying that McCarty is a predator is false.

78. The statements made by Jane Does' attorney agent, "It is a perfect combination and a perfect storm of vulnerability," referring to age and gender, is prejudicial, Illegally discriminatory, and false.

79. When made, the false statements individually and collectively, had the potential to harm, and then did substantially harm, McCarty's reputation in the community.

80. The statements caused McCarty economic loss.

81. The statements hold McCarty up to scorn, hatred, ridicule and contempt.

82. The statements discredit McCarty.

83. The statements harm McCarty's reputation by lowering the community's opinion of him.

84. The statements keep other people from associating or dealing with McCarty.

85. The statements cause McCarty from being employed as a basketball coach at a compensation commensurate with his talent and skills.

86. Jane Doe and her agent, knew, and has known, that the statements were false.

87.  Jane Doe, and through her said agent, knowingly made such false statements, or

recklessly disregarded whether the statements were true or not, at the times made.

88. To date, the statements have not been retracted, and continue to operate

as an ongoing harm against McCarty.

89. The statements continue to ruin McCarty's reputation.

90.  In addition to his reputation suffering, McCarty suffers stress and anxiety from

the seriousness of the allegations that have been made by McCarty and her attorney-

agent.

91.  McCarty has an obligation to himself to prevent his reputation from further

damage, and to correct what has been falsely alleged.

WHEREFORE, Plaintiff prays and requests that this Court and a Jury:

(a)  Find that McCarty has been defamed by Jane Doe, individually and by her attorney
     agent, acting on her behalf;
(b)  Order a retraction of the defamatory statements made;
(c)  Enjoin Jane Doe and/or through her agent, and/or her agents, from making any
     further defamatory statements about McCarty; and
(d)  Award damages and/or any further relief that the court deems necessary
     or appropriate.


II.
Invasion of Privacy –
Statements Made by Jane Doe's Attorney-Agent

92.  The allegations above are incorporated herein.

93.  Jane Doe and Jane Doe's attorney agent, gave publicity to a matter concerning

McCarty that places McCarty before the public in a false light.


12

94. On information and belief, on or about April 12, 2021, Jane Doe's attorney agent, Tuegel, stated to The Evansville *Courier & Press,* expressly or impliedly, that McCarty raped Jane Doe.   See Exhibit B.

95. On information and belief, on or about April 12, 2021, Jane Doe's attorney agent, Tuegel, stated to the Evansville *Courier and Press,* expressly or impliedly, that Plaintiff was a predator.  Id.

96.  On information and belief, Jane Doe's attorney-agent made one or more other false accusations (see above).

97.  It is highly offensive to a reasonable person to be called a rapist or a predator.

98. It is highly offensive to have been accused in all the ways McCarty has been accused.

99. Jane Doe and Michelle Tuegel's statements in the Evansville *Courier and Press*, expressly or impliedly, that McCarty is a rapist or predator, is placing Plaintiff in false light.

100.      At the time Plaintiff's attorney made the statements that she did about McCarty, Jane Doe and/or Jane Doe's attorney had knowledge that the publicized matter was not true, and/or acted in reckless disregard as to the falsity of the publicized matter and the false light in which McCarty would be placed by making such statements.

101.      None of the false statements have been retracted as of this date, and constitute ongoing and continuing, harm to McCarty, as do statements that followed.

WHEREFORE, McCarty prays and requests that this Court and a Jury:

(a)  Find that an invasion of privacy has occurred and is still occurring;
(b)  Order a retraction of the statements made;
(c)  Enjoin Jane Doe and/or through her agent, and/or her agents, from making any

further defamatory statements about McCarty; and

(d)  Award damages and/or any further relief that the court deems proper for the appropriate period of time that is relevant.

<br>

## COUNT III
### Equitable Relief
#### Defamation, Jane Doe's Attorney-Agent

102.      The allegations above are incorporated herein.

103.      Jane Doe's attorney-agent, made false statements about McCarty.

100.  The false statements express or imply that McCarty committed a rape and is a

      predator.

101. Jane Does' attorney-agent made the false statements with knowledge

      of their falsity and/or in reckless disregard of their truth.

102. The statements have not been retracted and continue to operate to cause harm.

103. Because the statements have not been retracted, they continue to cause McCarty

      ongoing damages, including loss of reputation, emotional distress and dollar damages.

104.  There is more than a likelihood of success on the merits of McCarty's claims.

105.  There is no adequate remedy at law.

106.  After balancing the equities, the harm is greater to McCarty in allowing the effect of

      the defamatory statements to continue, and/or in allowing any further defamatory

      statements to be made.

   WHEREFORE, Plaintiff prays and requests that this Court and/or a Jury:

   (a)  Temporarily, preliminarily and permanently enjoin Jane Does' agent from making
        any further defamatory statements about McCarty;

14

(b) Order a retraction of the statements made;

(c) Award any damages for the appropriate period of time and as permitted by law and/or any further relief that the court deems proper.

IV.
Equitable Relief
University of Evansville - Jane Doe as Agent

107.  The allegations above are incorporated herein.

108.  Jane Doe was a student at the University, and a certified trainer for the

University basketball team.

109.  As a certified trainer, Jane Doe was an employee of the University.

110.  Upon information and belief, Jane Doe made statements to roommates

and friends that the activity with McCarty on December 9, 2022, was non-consensual.

111.  Upon information and belief, Jane Doe told her employer, who was doing an

investigation, that the kissing, hugging and a limited amount of sexual activity that she

engaged in with McCarty on December 9, 2019 was non-consensual.

112.   Jane Doe's statements were false.

113.  Jane Doe knowingly made the false statements and/or such were

made in reckless disregard of the truth.

114.  Jane Doe was acting within the scope of her employment when she

participated in an investigation, and made the false statements.

115.  Jane Doe's attorney-agent also made defamatory statements about McCarty.

116.  The defamatory statements made by Jane Doe as agent, and by Jane Does' attorney

agent, are attributed to the University as Jane Doe's employer, and as a

consequence the University defamed McCarty.

117.   The University has published several false statements, and notice of outcome

and/or other false statements based upon the statements made by Jane Doe

about McCarty that are defamatory.

118.   To date, the false statements have not been retracted, and continue to operate

as an ongoing harm to McCarty.

119.   The false statements have been retained, recorded, published and/or re-published by

the University, and by Jane Doe and her attorney-agent.

120.   Many false statements are made and/or a based on other false statements

made, that are with knowledge that they are false and/or are in reckless

disregard of the truth.

121.   The false statements caused McCarty economic loss; hold McCarty up to

scorn, hatred ridicule and contempt; discredit McCarty; harm

McCarty's reputation by lowering the community's opinion of him, and

act as a barrier in obtaining employment that promotes his talent,

passions, and skill.

122.   In addition to his reputation suffering, McCarty suffers stress and anxiety from

the serious allegations that have been made.

123.   McCarty has an obligation to himself and his family to prevent his reputation from further

damage, and to correct what has been falsely alleged.

WHEREFORE, Plaintiff prays and requests that this Court and/or a Jury:

(a) Temporarily, preliminarily and permanently enjoin the University from making any further defamatory statements about McCarty; and

(b) Order a retraction of the statements made, and/or expungement of any records containing the defamatory statements, and/or seal and such records;

(c) Award any damages for the period of time authorized and/or permitted by law for the ongoing damages, and/or any further relief that the court deems necessary or appropriate.

PLAINTIFF HEREBY RESPECTFULLY REQUESTS A JURY TRIAL ON EACH COUNT.

December 9, 2022

Respectfully Submitted,
Walter McCarty,
By His Attorneys,

/s/ Robert E. Daidone

_____

Robert E. Daidone, Esq.
BBO#544438
44 School Street, Ste. 700
Boston, MA. 02108
(617) 722-9310
(617) 531-2026
daidoner57@msn.com

/s/ Earl Miller by RD

_____

Earl Miller, Esq.
BBO# 346660
P.O. Box 5628
Boston, MA.
(617) 512-0600
elmlawyer@aol.com