UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER LEE MCCARTY, III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JANE DOE, MICHELLE TUEGEL, )<br>and the UNIVERSITY of EVANSVILLE, )<br>)<br>Defendants. )<br>) | Civil Action No.<br>22-12091 |

ORDER ON DEFENDANT JANE DOE
PROCEEDING UNDER A PSEUDONYM

**SAYLOR, C.J.**

This is a defamation case involving accusations that a college basketball coach engaged in a pattern of sexual misconduct. The complaint contains, among other claims, allegations that a person identified as "Jane Doe" published false assertions about plaintiff. According to the complaint, Doe previously brought a lawsuit against the University of Evansville related to plaintiff's conduct in the United States District Court for the Southern District of Indiana. *See Doe v. University of Evansville*, No. 21-00065 (S.D. Ind. 2021). That court granted Doe's motion to proceed in that case under a pseudonym. *Id.* at ECF No. 22.

There is a "strong presumption against the use of pseudonyms in civil litigation." *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022). Their use is generally only warranted in "exceptional cases." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022). The First Circuit has identified four paradigmatic situations in which proceeding under a pseudonym is appropriate, including when (1) there is a risk of "unusually severe harm," (2) identifying the plaintiffs would "harm non-parties," (3) it is "necessary to forestall a chilling effect on future

litigants who may be similarly situated," or (4) the lawsuit is "bound up with a prior proceeding made confidential by law." *Id.*  The court must balance the "the interests asserted by the movant in favor of privacy against the public interest in transparency" in light of the totality of the circumstances. *Id.* at 72.

Here, the present proceeding is clearly bound up with the previous litigation in the Southern District of Indiana such that "denying anonymity [now] would significantly undermine the interests served by" that previous grant of confidentiality. *Id.* at 71.  Therefore, defendant may continue to be identified as Jane Doe in this case.

However, the Court must also ascertain Jane Doe's true identity to permit the normal operation of judicial processes, including matters such as conflict screening. *Id.* at 77.  She has also moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  (ECF No. 46).  Her personally identifiable information will remain under seal and will be used only by court personnel for internal purposes.

Accordingly, defendant Jane Doe is hereby ORDERED to file a notice of her legal name and address under seal by June 7, 2024.

**So Ordered.**

Dated:  May 24, 2024

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court